IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS MOLINA-TORRES, individually and on behalf of similarly situated individuals<br><br>Plaintiff,<br><br>v.<br><br>HARRIS COUNTY CONSTABLE PRECINCT 6,<br><br>Defendant. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:23-cv-01786 |

**COLLECTIVE ACTION COMPLAINT**

COMES NOW, Plaintiff Carlos Molina-Torres, individually and on behalf of similarly situated individuals, by and through undersigned counsel, and submit this Complaint against the Harris County Constable Precinct 6:

## I.   NATURE OF ACTION

Plaintiff brings this action to redress failure to pay overtime in violation of the Fair Labor Standards Act. Specifically, Plaintiff brings this action on behalf of himself and other canine deputies for unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §201 *et seq.*

## II.   COVERAGE UNDER THE FLSA

1. During the three-year period before this lawsuit until today, Harris County Constable Precinct 6 is an "employer" within the meaning set forth in the FLSA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

2. Harris County Constable Precinct 6 is a political subdivision of a State, or an interstate government agency.

3. As will be shown through this litigation, Harris County Constable Precinct 6 uniformly dictated the pay practices of Deputy Torres and K-9 deputies ("FLSA Members").

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. Sections 1331, 1343(a)(4),2001, 2002, and the FLSA.

5. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(6) and (c). This case raises a federal question under 29 U.S.C. § 216(b), giving this Court original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

### IV. PARTIES

6. Plaintiff Carlos Molina-Torres ("Deputy Torres" or "Plaintiff"), individually and on behalf of similarly situated individuals, is a male citizen of the United States and a resident of Harris County, Texas.

7. Harris County Constable Precinct 6 (hereinafter "Precinct 6" or "Defendant") is an entity subject to the FLSA.

8. Plaintiff was employed by Precinct 6 as an hourly employee. Deputy Torres is domiciled in Texas and performed work out of Precinct 6's office as a K-9 Deputy.

9. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

10. Deputy Torres brings this action on behalf of similarly situated individuals who were employed by Precinct 6 as K-9 Deputies ("FLSA Members") at their office in Houston, Texas at any time from the three-year period before this lawsuit until the present. This lawsuit covers only the individuals employed by Precinct 6 as a K-9 Deputy during the 3-year time period to present.

11. Harris County Constable Precinct 6 is a county agency located 5900 Canal St Houston, TX 77011. It may be served through its registered agent for service of process of Silvia Trevino at 5900 Canal St Houston, TX 77011, or wherever they may be found. Precinct 6, upon information and belief, a municipality that is a juridical entity amenable to suit under the FLSA, in that it is, and at all relevant times was, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x).

12. Plaintiff, Carlos C. Molina-Torres, and on behalf of all others similarly situated as collective representatives, by their attorney, upon personal knowledge as to themselves and upon information and belief as to other matters, allege as follows:

## V.   FACTS

13. Plaintiff was employed by Precinct 6 and assigned to the Precinct 6's K-9 Unit as a K-9 Deputy.

14. Deputy Torres worked as a deputy for Precinct 6 from June 2020 until August 2021.

15. At all times relevant to this action, Precinct 6 has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*.

16. Precinct 6 failed to pay Deputy Torres, and other canine handlers like him, overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA").

17. Based on reasonable belief, Precinct 6 does not have a personnel manual that calls for a 28-day pay period for deputy constables or K-9 Deputy and for the payment of overtime.

18. Precinct 6 regularly scheduled Torres and K-9 Deputy to work over 171 hours in 28 days.

19. When they worked over 40 hours a week or 171 hours in 28 days, Precinct 6 does not pay K-9 Deputy overtime for the hours they spent taking care of the police canine partners.

20. Precinct 6 did not pay Deputy Torres and other canine deputies for all the hours they spent taking care of their canine partner.

21. Plaintiff did not receive overtime or additional compensation for caring for the dog on workdays. Plaintiff does receive one hour of overtime on each weekend day and holiday for caring for the dogs.

22. Precinct 6 had a policy of paying Canine a flat rate amount of $200 per month for the additional responsibility of being a K-9 Handler.



https://constablesilviatrevino.com/employment/

23. Precinct 6 did not include the K9 Handler Incentive Pay in the calculation of the regular rate for overtime purposes.

24. During his tenure at Precinct 6, Plaintiff served full time a K-9 handler and Plaintiff's canine partner was police dog K9 EGO.

25. During the Relevant Time Period, Officer Torres took K9 EGO home with him every night and provided K9 EGO with at-home care, such as walking K9 EGO, grooming K9 EGO, feeding K9 EGO, etc.

26. During the Relevant Time Period, Plaintiff worked in excess of the hourly standards for overtime set forth under 29 U.S.C. § 207(k).

27. During the Relevant Time Period, Plaintiff was entitled to receive pay at the rate of one and one-half times his regular rate of pay for all hours Plaintiff worked in excess of the hourly standards set forth in the FLSA. During the Relevant Time Period, there were numerous days (the "Overtime Days") on which Plaintiff worked hours in excess of the hourly standards set forth in the FLSA.

28. Precinct 6 did not pay, and Plaintiff did not receive any At-Home Care Compensation for the at-home care services he rendered to K9 EGO on each of the Overtime Days.

29. For purposes of this action, the "relevant time period" is defined as such period commencing on the date that is three-years prior to the filing of this action and continuing thereafter.

30. During the relevant time period, Harris County Constable Precinct 6 employed less than a dozen of individuals – including Deputy Torres – as Canine deputies ("K-9 Deputy) at their facility at 5900 Canal St Houston, TX 77011.

31. When his shift was over, Deputy Torres was required to provide at home care for his canine partner. Precinct 6 did not pay Plaintiff or any of the FLSA Members for the at home care they provided to their canine partners.

32. While the precise amount of time spent taking care of their police canine partner at home by the FLSA Members may vary somewhat, any variations do not impact their entitlement to overtime for hours worked in excess of hourly standards set forth in the FLSA.

33. Since all FLSA Members consistently worked overtime, they are entitled to overtime pay for the time they spent taking care of their canine at home without any compensation.

34.     Precinct 6 knew that Deputy Torres and the FLSA Members were required to spend time taking care of their department assigned canine at home without being counted as compensable time.

35.     Deputy Torres's regular working hours were daily from 3:00 p.m. to 11:00 p.m.

36.     Deputy Torres received no overtime or additional compensation for caring for the dogs on workdays.

37.     Deputy Torres was assigned to the Harris County Constable Precinct 6's K-9 Unit.

38.     Deputy Torres has received training and is regularly trained on bite work, drug training, narcotic detection, obedience, and basic instructions on how to care for the dogs and provide medical treatment to them when needed.

39.     Assignment to Precinct 6's K-9 unit is subject to approval by the Constable.

40.     To be eligible to for consideration for assignment to the K-9 Unit, a Deputy must:

- Not be on any disciplinary or performance probation.
- Have one year of continuous service with the Harris County Constable Precinct 6.
- Participate in physical fitness and agility tests.

41.     The selection process for K-9-unit personnel includes:

   a.   Successfully complete physical fitness and agility tests.

   b.   Satisfactory completion of an oral interview.

   c.   A satisfactory review of candidates' personnel files.

42.     Defendant requires that all dogs assigned to the Plaintiff stay in a secure kennel at the Plaintiff's personal residences, and that Plaintiff be responsible for the police dog at all times.

43. On workdays, Plaintiff began his days earlier than others because he had to feed and water the dogs and make sure that they are fit and ready to work that day. This is the time for which Plaintiff was not paid, though he was performing work-related duties.

44. After work on workdays, Deputy Torres was required to take the dogs home where he again would feed and water them and make sure they are fit from the day's work. Again, this is time for which Plaintiff was not paid though he was performing work-related duties.

45. Each day, Deputy Torres spent approximately sixty (60) minutes caring for the dogs in their care while he was off duty. Plaintiff spent approximately fifteen (15) minutes exercising the dogs, approximately fifteen (15) minutes feeding the dogs and cleaning their food and water bowls, and approximately thirty (30) minutes spraying down and cleaning the dogs' kennels and play areas.

46. All of the off-duty time Deputy Torres spent caring for the dogs is necessarily and primarily for the benefit of Defendant. Deputy Torres was required to have the dogs prepared and ready to go to work at any moment 24 hours a day, seven days a week.

47. The off-duty time spent caring for the dogs is an integral and indispensable part of Deputy Torres's principal activities.

48. There is no agreement between Deputy Torres and Defendant as to the amount of compensable time Deputy Torres would receive for caring for the dogs while off duty.

49. Defendant did not limit or specify the amount of time Plaintiff was to spend caring for the dogs while off duty, but Defendant expects Deputy Torres to appropriately care for the dogs every day and to have them fit and ready for duty. Defendant does require Deputy Torres to receive and provide training on caring for and maintaining the dogs for service, including while the dogs are at Deputy Torres's home.

7

50. Defendant was aware that Plaintiff was performing work (i.e. caring for the dogs) while off-duty, yet Defendant willfully refuses to pay Plaintiff for this compensable time.

51. Defendant's refusal to pay Deputy Torres for the time spent caring for the dogs while off duty is willful.

52. Defendant willfully violated the FLSA by failing to pay Deputy Torres an overtime rate of pay for work they performed in excess of forty (40) hours a week spent caring for the Defendant's service animals.

## CAUSE OF ACTION - VIOLATION OF THE FLSA

53. Plaintiff repeats and realleges each and every allegation set forth above as if set forth in full herein.

54. In violation of the FLSA, 29 U.S.C. §§ 201-219, 255 and/or 29 CFR Parts 553 and 778, and despite Plaintiff's requests and demands for same from Precinct 6, Precinct 6 have failed and refused to pay Plaintiff the At-Home Care Compensation to which Plaintiff was and is entitled for each of the Overtime Days (the "Owed At-Home Care Compensation").

55. Precinct 6's refusal and failure to pay Plaintiff was knowingly and intentionally done in willful disregard of Plaintiff's well-being and Plaintiff's legal right to be paid same.

56. Because Precinct 6 knew, should have known, or has shown reckless disregard for whether its pay practices violated the FLSA, Precinct 6 owes these wages for at least the past three-years.

57. Precinct 6's failure to pay overtime to Deputy Torres and the FLSA Members was not reasonable, nor was the decision made in good faith.

58. Plaintiff and the FLSA Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action, as provided by the FLSA.

**COLLECTIVE ALLEGATIONS**

59. Molina-Torres brings this claim under Section 216(b) of the FLSA as a collective action on behalf of himself and all other similarly situated workers who worked for Harris County Constable Precinct 6 during the relevant period.

> The "FLSA Members" are all current and former Canine deputies working for, or on behalf of, Harris County Constable Precinct 6 who were not paid for the at home care they provided to their police canine. The time period covered by this lawsuit are the three-years from the date of this lawsuit until the present.

60. The same policy that caused Plaintiff to be denied his overtime pay resulted in Precinct 6's other canine deputy's to also be denied their overtime pay.

61. While the precise job duties performed by the FLSA Members might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

62. Nor do any differences in job duties matter for determining whether Precinct 6's policy of not paying FLSA Members overtime is legal.

63. The members of the FLSA Collective are all entitled to overtime for all hours worked over forty (40) in a workweek consistent with the overtime requirements of the FLSA.

64. Because Precinct 6 uniformly failed to pay overtime to Plaintiff and the FLSA Members are similarly situated within the meaning of 29 U.S.C. § 216(b).

65. Upon information and belief, Precinct 6 employed numerous Deputy constables like Molina-Torres at their 5900 Canal St Houston, TX 77011 during the past three (3) years.

66. Nearly all the questions related to Plaintiff and the FLSA Collective can be answered on a collective basis.

67. Precinct 6's practice of refusing to count the time Deputy Torres and the FLSA Members spent provided at home care for their canine partners as compensable time are based on established departmentwide policies.

68. For the purposes of an FLSA overtime claim, the FLSA Members performed substantially similar job duties related to servicing energy operations.

69. All of the FLSA Members perform the same or similar job duties and are subject to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

70. The FLSA Members also worked similar hours and were denied overtime at the proper rate for all hours worked in excess of 40 hours in a single workweek as a result of Harris Co Constable Precinct 6's same illegal pay practice.

71. Precinct 6 knew Deputy Torres and the FLSA Members worked more than 40 hours in a week.

72. Indeed, Precinct 6 required Deputy Torres and the FLSA Members to work substantial overtime without overtime compensation at the proper rate for all hours they worked in excess of 40 hours in a single workweek.

73. Precinct 6's policy of failing to pay their K-9 Deputies, including Deputy Torres, overtime at a rate of one and one-half their regular rates for all hours worked in excess of 40 hours in a single workweek violates the FLSA.

74. Precinct 6 is well aware of the overtime requirements of the FLSA because they regularly consult with attorneys for legal compliance.

75. Precinct 6 knew or showed reckless disregard for whether the conduct described in this Complaint violated the FLSA.

76. The most important questions presented in this case can be resolved on a collective-wide basis.

77. Absent a collective action, many members of the FLSA Collective likely will not obtain redress of their injuries and Precinct 6 will retain the proceeds of its violations of the FLSA.

78. Furthermore, individual litigation would be unduly burdensome to the judicial system.

79. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the collective and provide for judicial consistency.

## PRAYER

**WHEREFORE**, Molina-Torres prays for relief as follows:

80. An order designating this lawsuit as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective to permit them to join this action by filing a written notice of consent;

81. Judgment against Harris County Constable Precinct 6, awarding Plaintiff and the other FLSA Members all unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and expenses under the FLSA;

82. Pre- and post-judgment interest at the highest rate allowable by law; and

83. All such other and further relief to which Plaintiff and the other FLSA Collective may show themselves to be justly entitled.

Respectfully submitted,

**TRAN LAW FIRM**

 */s/ Trang Q. Tran*
TRANG Q. TRAN
Federal I.D: 20361
Texas Bar No. 00795787
2537 S. Gessner Suite 104
Houston, Texas 77063
Ph.: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFF Indivdiually and on behalf of similarly situated individuals**