Case 4:23-cv-01786   Document 68   Filed on 01/10/25 in TXSD   Page 1 of 16

United States District Court
Southern District of Texas
**ENTERED**
January 10, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CARLOS MOLINA-TORRES, individually and on behalf of similarly situated individuals** | § § § § | |
| *Plaintiffs*, | § § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-1786 |
| | § | |
| **HARRIS COUNTY, TEXAS AKA HARRIS COUNTY CONSTABLE PRECINCT 6,** | § § § § | |
| *Defendant*. | § § | |

## MEMORANDUM & ORDER

This is a collective action for recovery of unpaid overtime under the Fair Labor Standards Act. Before the Court is Plaintiffs' Motion for Summary Judgment (ECF No. 55), Defendant's Motion to Strike Plaintiffs' Declarations (ECF No. 57), Plaintiffs' Motion to Strike Defendant's Exhibits Used in Response to Motion for Summary Judgment (ECF No. 58), and Defendant's Motion for Summary Judgment (ECF No. 65). For the reasons that follow, Defendant's Motion to Strike is **DENIED**. Plaintiffs' Motion to Strike is **GRANTED IN PART** and **DENIED IN PART.** Plaintiffs' Motion for Summary Judgment is **DENIED**, and Defendant's Motion for Summary Judgment is **DENIED**.

### I. BACKGROUND

From June 2020 to August 2021, Plaintiff Carlos Molina-Torres worked as a canine deputy for the Harris County Constable Precinct 6 ("Precinct 6"). Plaintiff brought suit against Defendant Harris County on behalf of himself and all others similarly situated, alleging violations of the Fair

1

Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"). On April 19, 2024, the Court granted Plaintiff's Motion to Certify Class and authorized notice to all canine deputies employed in Precinct 6 within the three (3) years prior to the entry of the Court's Order. ECF No. 40. Two former canine deputies from Precinct 6, Joseph Amstutz and Mariah Guerra Martinez ("Guerra"), opted to join the lawsuit.

Plaintiffs challenge Defendant's payment practices as a failure to pay overtime in violation of FLSA. Plaintiffs claim that Defendant did not pay canine deputies for all the hours spent caring for their canine partners. ECF No. 11 ¶¶ 21-22. Each canine deputy was responsible for caring for their assigned canine partner, including after hours and on days off. *Id.* ¶ 37. While the last 45 minutes of a canine deputy's eight-hour shift were reserved for canine care, Plaintiffs allege that they received no compensation for additional time spent caring for their canines between shifts, on weekends, and on days off.

On September 13, 2024, Plaintiffs moved for summary judgment. ECF No. 55. Defendant responded to the pending motion, and in its response, moved to strike several of Plaintiffs' exhibits. ECF No. 57. Plaintiffs replied, ECF No. 59, and filed a separate Motion to Strike Defendant's exhibits used in its response, ECF No. 58.

On November 4, 2024, Defendant filed its own Motion for Summary Judgment. ECF No. 65. Plaintiffs responded, ECF No. 66, and Defendant did not reply.

Now before the Court are Plaintiffs' Motion for Summary Judgment (ECF No. 55), Defendant's Motion to Strike Plaintiffs' Declarations (ECF No. 57), Plaintiffs' Motion to Strike Defendant's Exhibits Used in Response to Motion for Summary Judgment (ECF No. 58), and Defendant's Motion for Summary Judgment (ECF No. 65).

## II.     MOTIONS TO STRIKE

### a. Defendant's Motion to Strike

In their Motion for Summary Judgment, Plaintiffs include (i) a sworn declaration from Plaintiff Mariah Guerra Martinez and (ii) a sworn declaration from Plaintiff Joseph Amstutz. ECF No. 55-4; ECF No. 55-5. In its response to Plaintiffs' Motion for Summary Judgment, Defendant moves to exclude both pieces of evidence as "self-serving affidavits or declarations" that are "conclusory, speculative, and/or unsubstantiated." ECF No. 57 at 3-4. Plaintiffs did not respond to Defendant's argument in their reply or in their own Motion to Strike.

Plaintiffs Amstutz and Guerra assert in their declarations that they each spent 10 hours of uncompensated time each week caring for their police canines. ECF No. 55-4 at ¶ 15; ECF No. 55-5 at ¶ 13. Defendant argues that these declarations are "self-serving," but their self-serving nature does not prevent their use as competent summary judgment evidence. "Rather, self-serving evidence must only comport with the standard requirements of Federal Rule of Civil Procedure 56. Self-serving affidavits and declarations, like all summary judgment evidence, must 'be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.' And these facts must be particularized, not vague or conclusory." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th Cir. 2021) (internal citations omitted).

The declarations of Plaintiffs Amstutz and Guerra are competent summary judgment evidence because they are based on personal knowledge, set out facts that are admissible in evidence, are given by competent witnesses, and are particularized rather than vague or conclusory. Plaintiffs testify about their own experiences as canine deputies and the

uncompensated time they spent caring for their assigned canine partners. Therefore, the Court finds that Defendant's Motion to Strike the declarations should be denied.

### b. Plaintiffs' Motion to Strike

In its response to Plaintiffs' Motion for Summary Judgment, Defendant includes fourteen exhibits. Plaintiffs move to strike all of Defendant's exhibits cited in the response, arguing that "none is competent evidence." ECF No. 58 at 1.

### i. Exhibits Not Provided in Discovery

First, Plaintiffs move to strike Defendant's Exhibits 4 (2021 County Holidays), 5 (2022 County Holidays), 12 (Houston K9 Academy Invoices), 13 (K9 Tracking Deployment Log), and 14 (K9 Stats 2020) on the grounds that they were not produced during discovery "despite being in Defendant's possession and relevant to the K9 program and their defense." ECF No. 58 at 3. Plaintiffs argue that Defendant violated Federal Rule of Civil Procedure 26(a), on required disclosures, and 26(e)(1), on supplemental disclosures of incomplete or incorrect information previously disclosed. Plaintiffs conclude that the evidence must be excluded under Federal Rule of Civil Procedure 37(c)(1) which provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

Defendant responds that Rule 26(a) requires the disclosure of documents "unless the use would be solely for impeachment," and Defendant argues that the challenged exhibits are all offered for impeachment purposes. FED. R. CIV. P. 26(a). First, Defendant asserts that Exhibits 4 and 5, the list of paid holidays for 2021 and 2022, are used to rebut Plaintiffs' claims to overtime. Defendant further claims that any failure to disclose these documents was harmless and will be

remedied by providing them in supplemental disclosures. Next, Defendant asserts that Exhibit 12, the police kennel records, is used to refute Plaintiffs' claims that they were wholly responsible for the canines' care by showing that the canines were left at the kennel. Finally, Defendant asserts that Exhibits 13 and 14, reflecting the number of service calls in a typical time period for another canine deputy in Precinct 6, was used to rebut the declarations made by Plaintiff Amstutz and Plaintiff Guerra that they could not care for their canine during their shifts.

Plaintiffs challenge Defendant's characterization of Exhibits 4-5 and 12-14 as impeachment evidence, arguing that the "exhibits are not being offered to challenge the veracity of any witness testimony, but rather to improperly dispute the amount of overtime damages sought by Plaintiffs." ECF No. 66 at 2. They contend that the exhibits are not impeachment evidence because they do not impeach any fact at issue in this case. *Id.*

The Court will address each of the exhibits in turn. First, the Court finds that the failure to disclose Exhibits 4 and 5, the county's list of paid holidays for 2021 and 2022, was harmless. The Fifth Circuit instructs district courts to consider four factors to determine whether a Rule 26 violation is harmless: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 729 (5th Cir. 2010). The list of paid holidays is easily accessible public information, and Plaintiffs do not explain how the belated disclosure of these lists hampered their ability to prepare their case. Instead, Plaintiffs argue only that the lists are not relevant to the case which does not demonstrate prejudice from their inclusion in the summary judgment record.

Next, Exhibit 12 is a record from the Houston K9 academy kennel showing that Plaintiff Amstutz boarded his canine for several days on multiple occasions. Defendant argues that Exhibit

5

12 impeaches the statement in Plaintiff Amstutz's Declaration that "[He] was required to care for the dog every day, regardless of if I was scheduled for my shift." ECF No. 55-5 at ¶ 11. Plaintiffs argue that Exhibit 12 is not impeachment evidence because it does not refute Plaintiffs' claims that they worked overtime hours. ECF No. 66 at 2.

The distinction between substantive evidence, which must be disclosed under Rule 26, and impeachment evidence, which need not be disclosed, is not always clear. "Substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact… Impeachment evidence, on the other hand, is that which is offered to discredit a witness ... to reduce the effectiveness of [the] testimony by bringing forth evidence which explains why the jury should not put faith in [the] testimony.'" *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993). However, the Fifth Circuit "has made clear that some evidence serves both substantive and impeachment functions and thus should not be treated as 'solely' impeachment evidence." *Olivarez v. GEO Grp., Inc.*, 844 F.3d 200, 204 (5th Cir. 2016) (citing *Chiasson*, 988 F.2d at 517). Such dual-purpose evidence must be disclosed before trial under Rule 26. Here, Plaintiffs' argument that the kennel records do not go to whether Plaintiffs worked overtime demonstrates that the records are not being used to establish the truth of a matter to be determined by the trier of fact. Instead, the records go only to the credibility and weight of Amstutz's testimony that he was required to care for his police canine every day. The Court finds that the kennel records are being used solely for impeachment and were not required to be disclosed under Rule 26.

Finally, Exhibit 13 is Sergeant Wingard's canine deployment log, and Exhibit 14 is a record of Precinct 6 K9 deployment statistics. Defendant asserts that the exhibits, which record the number of service calls in a typical time period for other Precinct 6 canine officers, reflect that "the canine deputies are not too busy to take care of their canine during their shift in direct

opposition to the declarations made by Plaintiff Amstutz and Plaintiff Guerra that they could not care for their canine during their shift." ECF No. 64 at 4. Plaintiff Amstutz and Plaintiff Guerra both expressed that they could "not properly care for the dog only during the allotted time" in their shifts. ECF No. 55-4 at ¶ 12; ECF No. 55-5 at ¶ 10. Exhibits 13 and 14 do impeach that testimony by bringing forth evidence which explains why the factfinder should not put faith in their accounts. Plaintiffs argue in response that Exhibits 13 and 14 are "irrelevant" and have "no bearing on any disputed fact in this case." ECF No. 66 at 2. Here too, Plaintiffs' argument demonstrates that Exhibits 13 and 14 are not substantive evidence because the exhibits are not being used to establish the truth of a matter to be determined by the trier of fact. Instead, Plaintiffs' argument goes to the weight and relevance of the impeachment evidence at this stage in the case. The Court finds that the canine dispatch records are being used solely for impeachment and were not required to be disclosed under Rule 26.

Plaintiffs' Motion to Strike Exhibits 4, 5, 12, 13, and 14 on the grounds that the documents were not provided in discovery is denied.

### ii. Unauthenticated Exhibits

Second, Plaintiffs argue that Defendant's Exhibit 3 (HC Personnel Policies & Procedures), Exhibit 6 (Molina-Torres Timesheets), Exhibit 7 (Molina-Torres Pay Records), Exhibit 8 (Guerra Timesheets), Exhibit 9 (Guerra Pay Records), Exhibit 10 (Amstutz Timesheets), and Exhibit 11 (Amstutz Pay Records) must be stricken because they were not properly authenticated. ECF No. 58 at 4.

However, Defendant need not authenticate evidence at the summary judgment stage as long as it can be authenticated at trial. *See Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017) ("At the summary judgment stage, evidence need not be authenticated or otherwise

presented in an admissible form."). Defendant provides a business records affidavit authenticating the records as an exhibit to Defendant's Motion for Summary Judgment. ECF No. 65-17. Thus, there is no reason to believe at this stage, based on the evidence presented, that means cannot be provided for authentication of Exhibits 3 and 6-11 at trial. Therefore, Plaintiffs' Motion to Strike the Exhibits 3, 6, 7, 8, 9, 10, and 11 for lack of authentication is denied.

### iii. Declarations of Lebritton Wingard and Cynthia Rodriguez

Finally, Plaintiffs argue that Defendant's Exhibit 1 (Declaration of Sergeant Lebritton Wingard) and Exhibit 2 (Declaration of Cynthia Rodriguez) must be stricken. Plaintiffs' first argument for exclusion is that Defendant did not disclose the topic of the declarations in advance. In its Amended Disclosures, Defendant disclosed both witnesses as "Employees of Harris County Constable Precinct 6. Have knowledge of the facts made the basis of this lawsuit. Custodian may testify regarding business records of the Harris County Constable Precinct 6." Plaintiffs argue that the topics discussed in Wingard's declaration are "the basis for Harris County's defense and not 'the facts made the basis of this lawsuit'" as stated in the Amended Disclosures. ECF No. 58 at 10. In addition, Plaintiffs argue that Rodriguez does not provide a declaration about business records, but rather describes "the established procedures for employee timekeeping and payroll within her precinct." *Id.*

Although the language in the Amended Disclosures was vague, the Court finds that Defendant did properly disclose the witnesses and the topics of their testimony. Plaintiffs' attempt to describe Wingard's declaration as discussing Harris County's defense rather than "the facts made the basis of the lawsuit" is an unavailing distinction. Wingard's declaration directly addresses Harris County's policies for canine deputies which are at issue in the case, and the declaration can easily be read as discussing "the facts made the basis of this lawsuit." Meanwhile,

8

Rodriguez was previously disclosed as Defendant's Custodian of Records, and she discussed the County's business records by describing the precinct's timekeeping and payroll procedures. Rodriguez's declaration also falls comfortably in the scope of Defendant's Amended Disclosures. Further, Plaintiffs were on notice of the potential topic of Rodriguez's declaration since they had previously deposed her about payroll and recordkeeping practices. ECF No. 55-2. Plaintiffs' argument that Wingard and Rodriguez's declaration topics were not properly disclosed is rejected.

Plaintiffs next seek to strike portions of Wingard's affidavit for lack of personal knowledge and hearsay. Plaintiffs object that several of the statements in Wingard's declaration were not based on his personal knowledge. For example, they object to his statement that during park checks, "the officer can have the dog exercise, use the restroom, as well as groom the canine or clean their vehicle." ECF No. 57-1 ¶ 4. Defendant responds that Wingard testified based on his personal knowledge as a canine officer with his own canine and as a supervisor for the canine deputies.

Affidavits used at summary judgment must be made on personal knowledge, and the affiant must establish the basis for their personal knowledge. *See* FED. R. CIV. P. 56(c)(4); FED. R. EVID. 602. Wingard's declaration states that he "was assigned a canine by the name of Karo" and was later "promoted to Sergeant over the K-9 Division and Patrol Division." ECF No. 57-1 ¶¶ 3-4. Wingard goes on to describe his personal routine with his canine including both his on-duty and off-duty experiences. *Id.* ¶¶ 3-8. Although some of Wingard's statements about canine care are broad and open to criticism, it is clear from the declaration that they are all based on his personal knowledge as a canine deputy and supervisor. Plaintiffs' objections that Wingard lacked personal knowledge because he does not "observe all the activities of other Canine Deputies that were deployed at different calls or shifts" and does not have a "universal knowledge of canine behavior

9

and training for canine officers in his department" go to the weight of Wingard's broader statements rather than their admissibility. ECF No. 58 at 6. Several of Plaintiffs' objections come down to complaints that Wingard did not preface each statement with a disclaimer, but the Court can understand that the statements are based on personal knowledge without explicit disclaimers.

Plaintiffs also seek to strike Wingard's statement that he "met with canine officers from other agencies in the area and they all have similar policies" as hearsay. ECF No. 57-1 ¶ 9. An affidavit cannot rest on inadmissible hearsay. *Broadway v. City of Montgomery, Ala.*, 530 F.2d 657, 661 (5th Cir. 1976) (holding inadmissible hearsay cannot be used to avoid summary judgment as a matter of law). Defendant does not respond to Plaintiffs' objection and does not argue that the statement is not hearsay. The Court finds that the statement is properly struck as hearsay because it is offered for the truth of the matter asserted and does not fall within an exception to the hearsay rule. Plaintiffs' motion to strike the statement is granted.

Next, Plaintiffs seek to strike portions of Rodriguez's affidavit for lack of foundation and lack of personal knowledge. Rodriguez's declaration begins with the statement that "she is the Chief Clerk for Harris County Precinct 6" and "handle[s] payroll and timesheets for the employees of Harris County Constable Precinct 6." ECF No. 57-2 ¶¶ 2-3. Despite Plaintiffs' objections that she does not describe her knowledge or training in Harris County's payroll policies, her statements clearly establish the foundation for her testimony about those policies. Plaintiffs' objection for lack of foundation is overruled.

Plaintiffs' remaining objection is that Rodriguez lacked personal knowledge for her statements describing how employees fill out timesheets, how the County's automated processes create payroll checks, and how holidays and compensatory time are marked on timesheets. ECF No. 58 at 9. It is doubtless true that Rodriguez does not directly observe all these processes for

every single employee timesheet and paycheck, but she does not have to meet that standard to testify about these procedures. *Hijeck v. Menlo Logistics, Inc.*, No. CIV A 307-CV-0530-G, 2008 WL 465274, at *4 (N.D. Tex. Feb. 21, 2008) ("[I]t is not necessary that a representative have direct, personal knowledge of each and every fact discussed in her affidavit or her deposition.") Plaintiffs' objection for lack of personal knowledge is overruled.

In conclusion, the Court finds that Plaintiffs' Motion to Strike Defendant's Exhibits Used in Response to Motion for Summary Judgment should be granted in part and denied in part. The Court strikes the portion of Exhibit 1 (Wingard's Declaration) that states he "met with canine officers from other agencies in the area and they all have similar policies" as hearsay. ECF No. 57-1 ¶ 9. The Court denies the motion to strike Defendant's other exhibits.

### III.   SUMMARY JUDGMENT MOTIONS

#### a. Legal Standard

Summary judgment under Rule 56 "is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(c)). A genuine issue as to a material fact arises "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all "reasonable inferences . . . in favor of the nonmoving party, but the nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

"[T]he movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995). "For any matter on which the non-movant would bear the burden of proof at trial, however, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* at 718-19.

### b. Unpaid Overtime Compensation Claim

The parties filed cross motions for summary judgment on Plaintiffs' claim that Defendant violated FLSA by failing to compensate Plaintiffs for time spent caring for their canines while off-duty. Plaintiffs seek summary judgment in their favor and a determination that Defendant is liable for violating FLSA. ECF No. 55. Plaintiffs do not seek summary judgment on the amount of damages. *Id.* Defendant seeks summary judgment in its favor and a determination that Plaintiffs failed to establish a violation of FLSA. ECF No. 65.

Section 207 of FLSA mandates that "no employer shall employ any of his employees ... for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Employers who violate the FLSA are liable for "unpaid overtime compensation…and in an additional amount as liquidated damages." 29 U.S.C. § 216(b).

Employees bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the

coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. *Johnson v. Heckmann Water Resources (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014); *see also Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 441 (5th Cir. 2005). Once the employees establish a prima facie case, the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. *Harvill,* 433 F.3d at 441 (quoting *Anderson v. Mount Clemens Pottery Co.,* 328 U.S. 680, 687-88 (1946). If the employer fails to produce such evidence, the court may then award damages to the employees even though the result may only be approximate. *Anderson.,* 328 U.S. at 687–88.

    The key issue is whether Plaintiffs worked overtime without compensation such that Defendant violated the FLSA's overtime wage requirements. Plaintiffs argue that there is no genuine dispute of material fact on that issue because their uncontroverted evidence shows that they were not compensated for overtime spent caring for their canine. Plaintiffs offer testimony that they worked to care for their canines while off-duty, including on weekends and days off. They estimated in depositions and declarations that they spent 10 hours of uncompensated time each week caring for their police canines. ECF No. 55-3 at 27:8-10; ECF No. 55-4 at ¶ 15; ECF No. 55-5 at ¶ 13. They also present evidence that Harris County did not have any policy that enabled deputies to track and record the time spent on off-duty canine care. ECF No. 55-1 at 26:18-22. Finally, Plaintiffs argue that Harris County had actual and constructive notice of these overtime hours since department policies required canine deputies to "ensure that the canine receives proper nutrition, grooming, training, medical care, affection and sanitary living conditions." ECF No. 37-2. Plaintiffs conclude that, since Harris County required canine deputies to work 40 hours per

week, these hours spent on off-duty canine care constitute uncompensated overtime in violation of FLSA.

On the other hand, Defendant produces controverting competent summary judgment evidence that Plaintiffs had sufficient time during their shifts to care for their canines and were compensated for any overtime spent caring for their canines. Defendant presents a declaration from another canine officer that the 45 minutes of time allotted for canine care per eight-hour shift was more than sufficient to complete all required canine care. ECF No. 65-16. Defendant also presents testimony and records demonstrating that canine officers had time during their shifts to perform canine care responsibilities. ECF No. 65-16; ECF No. 65-19. Further, Defendant disputes Plaintiffs' claim that officers were not allowed to request overtime for canine care by presenting timesheets where Plaintiffs requested, and were approved for, overtime for canine maintenance and care. ECF No. 65-9; ECF No. 65-11; ECF No. 65-13.

In sum, Plaintiffs move for summary judgment and put forth evidence of uncompensated overtime, and Defendant comes forward with evidence that tends to negate the inference drawn from Plaintiffs' testimony that they were not compensated for overtime spent caring for their canine. Meanwhile, Defendant moves for summary judgment and puts forth evidence that Plaintiffs were compensated for all time spent on canine care, and Plaintiffs rebut this motion with evidence of uncompensated overtime. Resolution of the conflicting testimony and evidence requires credibility determinations that are not appropriate on summary judgment. *See Anderson,* 477 U.S. at 255 ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict."). Therefore, material issues of fact exist as to whether Plaintiffs worked uncompensated overtime to care for their canines

while off-duty. These fact issues preclude summary judgment in either party's favor on Plaintiffs' claim for uncompensated overtime.

### c. Good Faith

An employer that violates Section 207 of the FLSA may be held liable for the unpaid overtime hours and "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Liquidated damages are awarded unless a defendant can establish that it acted in good faith and had reasonable grounds for believing that its act was not a violation of the FLSA. 29 U.S.C. § 260. The employer bears the "substantial burden" of demonstrating good faith. *Singer v. City of Waco*, 324 F.3d 813, 823 (5th Cir. 2003). The Fifth Circuit has held that good faith includes "some duty to investigate potential liability under the FLSA" and that ignorance cannot be the basis of a reasonable belief. *Barcellona v. Tiffany English Pub, Inc.*, 597 F.2d 464, 469 (5th Cir. 1979). A court may grant liquidated damages even if an employer demonstrates that it acted in good faith. *See, e.g.*, *Heidtman v. County of El Paso*, 171 F.3d 1038, 1042 (5th Cir. 1999).

Plaintiffs ask the Court to find that Defendant did not act in good faith as a matter of law. ECF No. 55 at 15-17. Defendant asks the Court to reach the opposite conclusion that Defendant did act in good faith as a matter of law. ECF No. 65 at 14. In support of its argument, Defendant asserts that it "produced timesheets, time request forms and payroll records documenting Plaintiffs' work and payment history" and "maintained deployment logs, training records, and training binders as further proof to substantiate time records." *Id.* The issue of good faith is not appropriate for summary judgment because the facts surrounding Defendant's overtime policy and provision of overtime pay to the canine deputies are in dispute. *See Shelby v. Boxer Prop. Mgt. Corp.*, No. 4:16-CV-1549, 2019 WL 2436928, at *4 (S.D. Tex. Jan. 18, 2019) (Ellison, J.) (holding that a similar factual dispute about employer's overtime policy precluded summary judgment on

the good faith defense). In particular, the parties contest whether Defendant took adequate steps to ascertain that it was in compliance with FLSA. ECF No. 65 at 14; ECF No. 67 at 10. This genuine dispute of material fact on the issue of the good faith affirmative defense precludes summary judgment in either party's favor.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike (ECF No. 57) is **DENIED**. Plaintiffs' Motion to Strike (ECF No. 58) is **GRANTED IN PART** and **DENIED IN PART**. Plaintiffs' Motion for Summary Judgment (ECF No. 55) is **DENIED**. Defendant's Motion for Summary Judgment (ECF No. 65) is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 10th day of January, 2025.

_____
Keith P. Ellison
United States District Judge