UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS MOLINA-TORRES, individually and on behalf of similarly situated individuals<br>*Plaintiff,*<br><br>v.<br><br>HARRIS COUNTY CONSTABLE PRECINCT 6,<br>*Defendant.* | § § § § § § § § § § § | Civil Action No. 4:23-cv-01786 |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT OF FLSA CLAIM**

Defendant Harris County ("Harris County" or "Defendant") and Plaintiffs Carlos Molina Torres ("Molina-Torres"), Jose Amstutz ("Amstutz") and Mariah Guerra Martinez ("Guerra") (collectively referred to as "Plaintiffs") jointly move the Court to approve the parties' FLSA settlement.

**I.   MOTION TO APPROVE**

Plaintiff Molina-Torres brought suit individually and on behalf of other similarly situated employees under the Fair Labor Standards Act ("FLSA") alleging they are owed overtime compensation for the after-hours care they provided to their canines while they served as canine deputies for Harris County Constable Precinct 6. The Court granted Plaintiff's Notice to certify a collective action and two additional plaintiffs (Amstutz and Guerra) opted into the lawsuit. After discovery was conducted, Plaintiffs filed a motion for summary judgment for their overtime wages and liquidated damages. Defendant moved for summary judgment on the basis that Plaintiffs did not work over 40 hours per week, did not seek compensatory time, and disputed the number of hours claimed by Plaintiffs. While the Court denied both parties' respective motions for summary

judgment, the briefing put forth by the parties as well as the Court's Order denying the motions demonstrate the extent and nature of the disputed issues between the parties. A private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability. *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp 2d 608, 634 (W.D Tex. 2005).

The parties agree that the settlement amount will be paid after the court approves this settlement. Once the funds are received, Plaintiff will file the Agreed Motion to Dismiss within two (2) days of receiving payment in full of the settlement amount and file a motion to dismiss this case with prejudice. Based on their knowledge of this case and the applicable law, all counsel believe the settlement is fair and reasonable. "Although the court is not bound by counsel's opinion, their opinion is nonetheless entitled to great weight." *In re BankAmerica Corp. Sec. Litig.*, 210 F.R.D. 694, 702 (E.D. Mo. 2002). Plaintiffs have approved this settlement after conferring with their counsel, having the settlement explained, and having the opportunity to have their questions answered. All of these factors favor approval of the settlement. Because the proposed settlement was the result of arms-length negotiation by experienced and capable attorneys on both sides, a presumption of fairness should attach to the proposed settlement. *See Lynn's Food v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982). Courts recognize the public policy of encouraging settlement of FLSA litigation. *Id*. Furthermore, Plaintiffs' counsel has indicated that the attorneys' fees agreed upon are fair and reasonable.

Each Plaintiff was fully compensated for 9 unpaid hours of work per week, receiving both the unpaid wages and an equal amount as liquidated overtime damages. Plaintiff Molina-Torres further received a $2,500 service award as the original named plaintiff. The parties engaged in arm's-length negotiations, ensuring that the Plaintiffs' attorney's fees were paid separately and did not reduce the Plaintiffs' compensation. The Fair Labor Standards Act provides that "[t]he court

in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys' fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Judicial precedent exists where courts have deemed Settlement Agreements reasonable in awarding up to 40% of the gross settlement amount to cover legal fees and costs incurred in the prosecution of Fair Labor Standards Act (FLSA) lawsuits. See e.g., *Jasso v. HC Carriers, LLC*, 2022 WL 16927813, at *6 (S.D. Tex. Oct. 19, 2022), report and recommendation adopted sub nom. *Jasso v. HC Carriers, LLC*, 2022 WL 16924117 (S.D. Tex. Nov. 14, 2022) ("Many district courts in the Fifth Circuit have approved attorney's fees amounting to 40% or more of the settlement amount in FLSA cases.") ((citing *Singer v. Wells Fargo Bank, N.A.*, 2020 WL 10056302 at *2 (W.D. Tex. July 14, 2020); *Sarabia v. Spitzer Indus., Inc.*, 2018 WL 6046327 at *4 (S.D. Tex. Nov. 11, 2018) (citing *Matthews v. Priority Energy Servs., LLC,* 2018 WL 1939327, at *2 (E.D. Tex. Apr. 20, 2018); *Daniels v. Prod. Mgmt. Indus., LLC*, 2018 WL 1954352, at *4 (W.D. La. Apr. 20, 2018); *Legros v. Mud Control Equip. Co.,* 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017); *Heffernan Bryant v. United Furniture Indus., Inc*., 2017 WL 639320, at *5 (N.D. Miss. Feb. 16, 2017) (noting that "awards [in the Fifth Circuit] commonly fall between a lower end of 20% and an upper end of 50%))). Representation of Plaintiffs has been on a contingent fee and cost basis since this litigation was commenced. Such fees and costs are justified as a matter of contract, but especially in this case where counsel worked on a contingency basis, and took on considerable risk with no guarantee of payment at all.

      Plaintiffs contend that the agreed-upon attorneys' fee structure is particularly reasonable, especially considering that while courts have approved fees up to 40% of the gross settlement, no portion of the Plaintiffs' recovery will be used to pay the fees in this settlement. Plaintiffs further

assert the reasonableness of the Settlement Agreement's provision for attorneys' fees and the request for reimbursement of their actually incurred costs.

The commissioner's court approved this settlement during the March 27, 2025, Harris County Commissioner's court meeting.

## II.   PRAYER

For the foregoing reasons, the parties move the Court for an order approving the settlement.

Date: April 17, 2025

Respectfully submitted,

**TRAN LAW FIRM**

*/s/ Trang Q. Tran*
TRANG Q. TRAN
Federal I.D: 20361
Texas Bar No. 00795787
800 Town and Country Blvd., Suite 500
Houston, Texas 77024
Ph.: (713) 223 – 8855
trang@tranlf.com
service@tranlf.com

**ATTORNEY FOR PLAINTIFFS**

AND

Respectfully submitted,

**CHRISTIAN D. MENEFEE**
HARRIS COUNTY ATTORNEY

**JONATHAN G. C. FOMBONNE**
DEPUTY COUNTY ATTORNEY AND FIRST ASSISTANT

                **NATALIE G. DELUCA**
MANAGING COUNSEL,
DEFENSIVE LITIGATION,
EMPLOYMENT, & REAL
ESTATE DIVISIONS

By:   */s/ Radha Thiagarajan*
**RADHA THIAGARAJAN**
Senior Assistant County Attorney
State Bar No. 00784154
Fed. Bar No. 20217
**SUSANA G. SOSA**
Senior Assistant County Attorney
State Bar No. 24083894
Fed. Bar No. 2292237
Radha.Thiagarajan@harriscountytx.gov
susana.sosa@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1019 Congress
Houston, Texas 77002
Tel: (713) 274-5158

**ATTORNEYS FOR DEFENDANT
HARRIS COUNTY**

## CERTIFICATE OF SERVICE

On April 17, 2025 a true and correct copy of the foregoing was served, in accordance with the Federal Rules of Civil Procedure.

                                            /s/ *Trang Q. Tran*
                                            Trang Q. Tran